E. E. BENEDICT, AS ADMINISTRATOR OF THE ESTATE OF MIKE VERNARSKY, DECEASED v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, GREAT NORTHERN RAILWAY COMPANY, RAILWAY TRANSFER COMPANY OF MINNEAPOLIS AND WALKER D. HINES.[1]

January 13, 1922.

No. 22,578.

**Death of servant—directed verdict for defendant proper.**

   Plaintiff's intestate was killed while riding a freight car down a grade. Through no fault of defendant the car broke away from the engine and deceased was unable to stop it by means of the hand-brake. Plaintiff claimed some defects in the brake. *Held*, there was no evidence that the defects complained of impeded the efficiency of the brake and the court properly directed a verdict for the defendant.

Action in the district court for Hennepin county to recover $7,500 for the death of plaintiff's intestate. The case was tried before Bardwell, J., who at the close of the testimony directed a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*George T. Simpson* and *John F. Dahl*, for appellant.
*Morton Barrows* and *George Hoke*, for respondent.

HALLAM, J.
Deceased was employed by the Minneapolis Street Railway Company in unloading coal from cars. With a crew of men he was handling a car received from defendant. The car was equipped with a hand-brake. A chain connected the brake staff with a lever at-

[1]Reported in 186 N. W. 296.

tached to the brake shoes. The brake was tightened by turning the wheel on the brake staff. This wound the chain around the staff and thus caused a tension which brought the brake shoes into contact with the wheels. The car and the motor to which it was attached were also equipped with air brakes. The men were switching this car, loaded with 50 tons of coal, down a grade to the premises of the street railway company. Deceased was riding upon it and was in charge of the brake. For some unaccountable reason the coupling broke and this car broke away from the engine. Deceased was unable to stop the car with the hand-brake and was killed by contact with a steam shovel. Plaintiff, as administrator, brought this action for damages, claiming that the brake shoes were worn and that the brake-chain was knotted and that these defects caused the accident. Defendant offered some testimony to the effect that a car, loaded as this one was, could not be held on that grade with a hand-brake even if in good condition. Plaintiff offered no rebuttal. At the close of the testimony defendant moved for a directed verdict. The court, without deciding the motion, took the noon recess. When the court again convened, plaintiff moved to reopen his case to offer testimony to rebut the testimony offered by defendant to the effect that loaded cars could not be held on this grade by means of a hand-brake. The court refused the request, on the ground that the evidence offered was not rebuttal but part of the main case and "almost beyond the discretionary powers of the court at this time." The court then directed a verdict for defendant. Plaintiff appeals.

In our opinion the evidence was properly rebuttal. But, from the view we take of plaintiff's affirmative proof, we are of the opinion that the rejection of this rebuttal evidence could not change the result. In other words, we think there was no sufficient proof that plaintiff's death was caused by any negligence on the part of defendant.

As above stated one claim of negligence is that the brake shoes were worn. There is evidence that they were worn, but no evidence that this condition in any manner impaired the efficiency of the brakes. On the other hand, the evidence on the part of defendant

is that this condition in no measure impaired their efficiency. Plaintiff made no attempt to rebut this testimony. It may therefore be taken as true and this claim of negligence fails.

The other claim of negligence is that there was a knot in the brake-chain. There is evidence to this effect, and, for purposes of this appeal, we assume this to be a fact. The proof of causal connection between the knot in the chain and the accident, depends entirely on the evidence of a witness George Lukih. The testimony of this witness was given, part of the time in broken English, and part of the time through an interpreter. In neither case is the testimony easy to understand. He did testify, however, that the chain would "no tight up," that "on the chain it was a knot there, some kind of knot and it couldn't go through some kind of wheel there. I don't know what it was exactly," and again: "It was a knot on the chain, and some kind of wheel out there by the chain so that chain got caught there. That knot was there so it couldn't turn it no way on that side." He did not in any manner indicate in his testimony how the knot in the chain impeded the tightening of the brakes. He testified that the chain was about five feet long and that the knot was about four feet from the brake staff. If it can be said that the jury might find negligence from this very vague testimony taken alone, when we take it in connection with other testimony on behalf of plaintiff we think no such inference is permissible. Another witness for plaintiff testified that after the accident he examined the brake and found it "set ordinarily" and "set tight" and that when released it spun around "just ordinarily." In view of this positive testimony introduced by plaintiff, we are of the opinion there was no room for an inference that the knot in the chain prevented the tightening of the brakes.

We find no sufficient evidence of negligence and the order appealed from is affirmed.